

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 13, 1962

Honorable Jules Damiani, Jr.  Opinion No. WW-1471
Criminal District Attorney
Court House                    Re: Whether the Judge of the
Galveston, Texas                   Court of Domestic Relations
                                   of Galveston County has the
                                   authority to act as Judge of
                                   a District Court of said
                                   County in cases pending in
                                   said district court of which
                                   said Court of Domestic Rela-
                                   tions has concurrent juris-
Dear Mr. Damiani:                  diction.

        From your letter requesting an opinion of this office,
we quote the following:

        ". . .

        "After the Court of Domestic Relations became
effective, the District Courts of Galveston County,
by agreement, transferred to said Court all divorce
cases in which the custody, visitation and support
of minor children was involved and retained in their
own courts all divorce cases in which no minor child-
ren were involved.

        "Likewise, all divorce cases filed since that
time in which minor children are involved have been
filed in the Court of Domestic Relations and all
other divorce cases are filed in the District Courts.
As a practical matter, there are times when a div-
orce case in which no minor children are involved may
be filed in one of the District Courts, and immediate
orders are needed and none of the District Judges
are available, but the Judge of the Domestic Relations
Court is available.

        "Will you please give us your official opinion
as to whether or not, under the present law, the
Judge of the Court of Domestic Relations of Galveston
County has the right and authority to act as Judge

of a District Court of said county in a divorce case or other case pending in said District Court of which said Court of Domestic Relations has concurrent jurisdiction."

By the provisions of Article 5, Section 1 of the Constitution of the State of Texas, "The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

Under this grant of power, the 57th Legislature in the Third Called Session enacted Senate Bill 101, now codified as Article 2338-16, Vernon's Civil Statutes, which created the Court of Domestic Relations for Galveston County.

Section 10 of Article 2338-16, supra, reads in part as follows:

"Sec. 10. All cases, applications, complaints and all other matters over which the Court of Domestic Relations is herein given jurisdiction may be transferred to or instituted in said Court; said Court and the Judge thereof may transfer any such cases, complaints, or other matters to any District Court of Galveston County having jurisdiction thereof under the laws of the State of Texas, with the consent of the Judge of such Court, and the Judge of such District Court may try all such cases, complaints, or other matters which may be so transferred. Any Judge of a District Court of Galveston County may in his discretion preside as Judge of the Juvenile Court and the Court of Domestic Relations and hear and determine all such cases, complaints, or other matters over which the Judge of such District Courts has jurisdiction under the laws of the State of Texas, with the same authority to act as Presiding Judge over all such cases, complaints, or other matters for all purposes, and to the same extent as the Judge of the Court of Domestic Relations and such Judge of a District Court of Galveston County, Texas, may sit in his own court room the Juvenile Court Room, the court room of any other District Court within the county, or the Court of Domestic Relations and hear and determine any case, complaint, or matter pending in the Court of Domestic Relations, . . ." (Emphasis added)

By this Section it is specifically provided that any Judge of a District Court of Galveston County may preside as Judge of the Court of Domestic Relations and hear and determine any case, complaint, or matter pending in said Court. This Section is absent of any such authority being granted the Judge of the Court of Domestic Relations. Further examination of the other sections of Article 2338-16, supra, fails to disclose any such grant of authority.

From time to time the Legislature, in its wisdom has created Courts of Domestic Relations in other counties of this State. One of these statutes, Article 2338- 9, Section 9, Vernon's Civil Statutes, provides:

"Sec. 9. Immediately after this Act takes effect, all divorce cases now pending in the District Courts of Dallas County shall be transferred to the Court of Domestic Relations court created by this Act. Thereafter, the Judges of the District Courts or of the Juvenile Court of Dallas County may transfer any case, within the jurisdiction of the Court of Domestic Relations created by this Act, to said Court of Domestic Relations, and the Judge of the Court of Domestic Relations may transfer any case pending in said court, with the consent of the Judge, to any other District Court or the Juvenile Court of Dallas County. Said Court of Domestic Relations may also sit for any of the District Courts of Dallas County or the Juvenile Court and hear and decide for such courts any case coming within the jurisdiction of the Court of Domestic Relations created by this Act. All District Courts of Dallas County, may likewise sit for, hear and decide cases pending in said Court of Domestic Relations, as the sitting for, hearing and deciding of cases is now or may hereafter be authorized by law for all District Courts of Dallas County." (Emphasis added)

From the language of the above Section, it can be seen that the Judge of the Court of Domestic Relations for Dallas County may sit for any District Court of Dallas County, and hear and determine any case coming within the jurisdiction of the Court of Domestic Relations. No such provision is found in Article 2338-16, supra.

Under Article 2338-16, supra, the Legislature has not deemed it necessary to grant authority to the Judge of the Court of Domestic Relations to sit or preside for a District Court. We therefore are of the opinion that in absence of such grant of authority, the Judge of the Court of Domestic Relations cannot act as Judge of a District Court.

## S U M M A R Y

Under the provisions of Article 2338-16, Vernon's Civil Statutes, the Judge of the Court of Domestic Relations for Galveston County has no authority to act as Judge of a District Court of said County in cases pending in said District Court of which said Court of Domestic Relations has concurrent jurisdiction.

Sincerely,

WILL WILSON
Attorney General of Texas

By: Ogden L. Bass, Jr.
Assistant

OLB:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Charles Lind
Cecil Rotsch
Ernest Fortenberry

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore